## Brown v. Posternock's Beauty Parlor.

*J. Gross*, for plaintiff; *H. Arronson*, for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, Oct. 2, 1930.—The plaintiff and defendant entered into an agreement by which the defendant was to give the plaintiff a course of instruction in hair dressing for a consideration of $125, which was admittedly paid. The course of instruction was to cover about two months. After five or six weeks the plaintiff voluntarily quit the employment or work, and her testimony was that her only instruction in the work during the five or six weeks she was there was in hair washing, and that she only stopped the employment after giving notice to the defendant to give her further instruction or return her money.

The witnesses for the defendant testified that besides hair washing plaintiff had received instruction in shampooing (which might be included in the term head washing), in manicuring, scalp treatment and permanent waving.

The jury returned a verdict in favor of plaintiff for $125.

The defendant has moved for judgment *non obstante veredicto* and taken a rule for a new trial.

In support of this motion and rule it is contended that since the defendant admittedly instructed the plaintiff in hair washing, the contract was partially performed and that plaintiff could only recover, if at all, upon a *quantum meruit*, and since the suit was for the return of the whole of the amount paid by plaintiff, her action cannot be sustained.

In a contract of this character the plaintiff may ask for a substantial performance in giving the instruction as agreed, before she is obliged to pay, and, conversely, the defendant cannot ask or retain payment until it substantially performs its contract. If the plaintiff's testimony is true, and this is for the jury, the only instruction given her was with respect to hair washing. The period to be covered by the instruction had almost expired when the plaintiff claims to have demanded the further instruction agreed upon, and in effect gave notice of a rescission upon nonperformance by the defendant. Under these facts the plaintiff could sue for the return of the full amount paid to the defendant, and the jury has determined the facts in her favor.

And now, to wit, Oct. 2, 1930, the motion of the defendant for judgment *non obstante veredicto* is overruled. An exception to this action of the court is hereby noted for the defendant. The rule for a new trial is discharged, and judgment directed to be entered upon the verdict on payment of the jury fee.